**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

PAMELA MILLS,                                    )
                                                )
     Plaintiff,                               )
                                                )
     v.                                       )    No.  8:19-cv-1371
                                                )
GC SERVICES, LIMITED PARNTERSHIP,               )
                                                )
     Defendant.                               )

<u>**PLAINTIFF'S COMPLAINT**</u>

Plaintiff, PAMELA MILLS, by and through her attorneys, Hormozdi Law Firm, LLC, alleges the following against Defendant, GC SERVICES, LIMITED PARTNERSHIP:

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 § U.S.C. 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 ("FCCPA").

**JURISDICTION AND VENUE**

3. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

1

5. This court has supplemental jurisdiction over the state claims alleged herein pursuant to 28 U.S.C. § 1367 as they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

7. Plaintiff is a natural person residing in the City of Palmetto, Manatee County, State of Florida.

8. Plaintiff is a consumer as that term is defined by the FDCPA and the FCCPA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and the FCCPA.

10. Defendant is a debt collector as that term is defined by the FDCPA and the FCCPA.

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a collection agency based the City of Houston, Harris County, State of Texas.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or

electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect a consumer debt from allegedly owed by Plaintiff.

20. The alleged debt owed arises from transactions for personal, family, or household purposes.

21. In or around 2017, Defendant began inundating Plaintiff with collection calls in an attempt to collect the alleged debt.

22. Defendant calls Plaintiff from several numbers, including 877-551-9781, which is one of Defendant's telephone numbers.

23. Defendant calls Plaintiff on her cellular telephone at xxx-xxx-1655 in an attempt to collect the alleged debt.

24. When Plaintiff answers collection calls from Defendant, Defendant's collectors refuse to disclose that they are calling from GC Services, Limited Partnership.

25. When Plaintiff answers collection calls from Defendant, Defendant's collectors refuse to disclose that they are attempting to collect a debt.

26. Defendant also leaves voicemail messages for Plaintiff.

27. With regard to the above-referenced voicemail messages:

    a.  Defendant failed to disclose that the calls were coming from GC Services, Limited Partnership; and

    b.   Defendant failed to disclose that the communication was made in an attempt to

collect a debt.

28. Despite Defendant having already located Plaintiff, Defendant calls Plaintiff's brother on his cellular telephone at xxx-xxx-8994 in an attempt to collect the alleged debt.

29. During the above-referenced collection calls, Defendant's collectors disclosed to Plaintiff's brother that Plaintiff allegedly owes a debt.

30. Despite Plaintiff's brother telling Defendant to stop calling him, Defendant's collectors continue to call Plaintiff's brother.

31. Despite Defendant having already located Plaintiff, Defendant calls Plaintiff's sister on her cellular telephone at xxx-xxx-5864 in an attempt to collect the alleged debt.

32. During the above-referenced collection calls, Defendant's collectors disclosed to Plaintiff's sister that Plaintiff allegedly owes a debt.

33. Defendant's collectors that called Plaintiff know that the FDCPA and FCCPA require debt collectors to identify the company's name when placing a telephone call.

34. Defendant's collectors that called Plaintiff know that the FDCPA requires debt collectors to state that the communication is an attempt to collect a debt when placing a collection call.

35. Defendant's collectors that called Plaintiff know that the FDCPA prohibits debt collectors from disclosing that a consumer owes a debt.

36. Defendant maintained a Call Detail Search regarding Plaintiff's Account.

37. Defendant maintained an Account Detail Listing regarding Plaintiff's Account.

38. Defendant recorded all of its telephone communications with Plaintiff and Plaintiff's family members regarding the Account.

39. Defendant has in its possession audio recordings made in connection with Defendant's

4

efforts to collect the debt at issue in this matter.

40. Defendant places collection calls to Plaintiff at an annoying and harassing rate.

41. Defendant's above-referenced actions were an attempt to coerce Plaintiff into payment of the alleged debt.

42. The natural consequences of Defendant's actions was to unjustly condemn and vilify Plaintiff for her non-payment of the alleged debt.

43. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

44. The natural consequences of Defendant's actions was to cause Plaintiff mental distress.

## COUNT I:
## GC SERVICES, LIMITED PARTNERSHIP VIOLATED
## THE FAIR DEBT COLLECTION PRACTICES ACT

45. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692b(2) of the FDCPA by disclosing to Plaintiff's brother and sister that Plaintiff owes an alleged debt;

   b. Defendant violated § 1692b(3) of the FDCPA by communicating with Plaintiff's brother and sister more than once;

   c. Defendant further violated § 1692b(3) of the FDCPA by communicating with Plaintiff's brother and sister even though Defendant had already located Plaintiff;

   d. Defendant violated § 1692c(b) of the FDCPA by calling Plaintiff's brother and sister without the exceptions of §1692b being available to it;

   e. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Defendant called Plaintiff at an annoying and

5

harassing rate and by disclosing to Plaintiff's brother and sister that Plaintiff allegedly owes a debt in an effort to embarrass and coerce Plaintiff into payment of the alleged debt;

f.  Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Defendant called Plaintiff at an annoying and harassing rate;

g.  Defendant violated § 1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity when Defendant's collectors refused to tell Plaintiff that the calls were from GC Services, Limited Partnership;

h.  Defendant further violated § 1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity when Defendant's collectors failed to disclose that the calls were from GC Services, Limited Partnership when leaving voicemail messages for Plaintiff;

i.  Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant created the false impression on Plaintiff that Defendant was permitted by law to harass the Plaintiff and her family, as alleged herein, with impunity;

j.  Defendant violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant created the false impression on Plaintiff that Defendant was permitted by law to harass the Plaintiff and her family, as alleged herein, with

impunity;

k.  Defendant violated § 1692e(11) of the FDCPA when Defendant's collectors refused to tell Plaintiff that the communication was an attempt to collect a debt during collection calls;

l.  Defendant further violated § 1692e(11) of the FDCPA when Defendant's collectors failed to that the communication was an attempt to collect a debt when leaving voicemail messages for Plaintiff; and

m.  Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff PAMELA MILLS, respectfully requests judgment be entered against GC SERVICES, LIMITED PARTNERSHIP, for the following:

a.  Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 § U.S.C. 1692k;

b.  Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

c.  Any other relief that this Honorable Court deems appropriate.

**COUNT II:**
**GC SERVICES, LIMITED PARTNERSHIP VIOLATED THE**
**FLORIDA CONSUMER COLLECTION PRACTICES ACT**

46. Plaintiff repeats and realleges paragraphs 1-44 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

47. Defendant violated the FCCPA based on the following:

a.  Defendant violated § 559.72(7) of the FCCPA by willfully communicating with

7

Plaintiff with such frequency as can reasonably be expected to harass him or his family when Defendant called Plaintiff at an annoying and harassing rate and by calling and disclosing to Plaintiff's brother and sister that Plaintiff allegedly owes a debt in an effort to embarrass and coerce Plaintiff into payment of the alleged debt; and

b.  Defendant violated § 559.72(15) of the FCCPA by refusing to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents if requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt when Defendant's collectors refused to tell Plaintiff that the calls were from GC Services, Limited Partnership.

WHEREFORE, Plaintiff, PAMELA MILLS, respectfully requests judgment be entered against GC SERVICES, LIMITED PARTNERSHIP, for the following:

48. Statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

49. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

50. Punitive damages and equitable relief, including enjoining GC SERVICES, LIMITED PARTNERSHIP from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2); and

51. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: June 5, 2019                     By:  /s/ Shireen Hormozdi

Shireen Hormozdi
Florida Bar No. 0882461
Hormozdi Law Firm, LLC
1770 Indian Trail Lilburn Road, Suite 175
Norcross, GA 30093
Tel: 678-395-7795
Fax: 866-929-2434
shireen@agrusslawfirm.com
shireen@norcrosslawfirm.com
Attorney for Plaintiff